FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 1600 A Street, Suite 101
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

TANYA KVASNIKOFF, )
)
    Plaintiff, )
)
vs. )
)
BRISTOL BAY NATIVE )
ASSOCIATION, )
)
    Defendant. )
_____ ) Case No. 3AN-17-4107 CI

## COMPLAINT

COMES NOW Plaintiff, Tanya Kvasnikoff, through counsel, and for her Complaint alleges and states as follows:

1. Tanya Kvasnikoff, Plaintiff herein, is a resident of Togiak, Alaska.

2. Bristol Bay Native Association ("BBNA") is, upon information and belief, an Alaska non-profit organization, organized and existing under the laws of the State of Alaska, is in good standing, with its main offices in Dillingham, Alaska, and with Tribal offices also maintained in Togiak, Alaska.

3. The court has subject matter jurisdiction. Venue is proper in that the accident occurred in the Third Judicial District at Togiak, Alaska.

### FACTS COMMON TO ALL COUNTS

4. BNAA owns/or leases and/or operates an office building located at First Avenue, Togiak, Alaska, known as the "Old Head Start Building." At all times material

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 1600 A Street, Suite 101
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

to this action, BBNA owned/or leased and/or operated the Old Head Start Building and is responsible for the premises.

5. The facilities of the Old Head Start Building include a stairway, as well as a ramp, for the purpose of entering and exiting the building itself.

6. Upon information and belief, BBNA maintenance, a department of BBNA, is responsible for the upkeep of the Old Head Start Building in Togiak.

7. BBNA holds the Old Head Start Building open to the public during regular business hours.

8. Plaintiff had business at, and therefore visited, the Old Head Start Building on September 16, 2013. To enter the building, Plaintiff used the ramp, provided for person with disability, to enter the building.

9. While exiting the building on September 16, 2013, Plaintiff descended down the stairs, and as she was descending, she slipped and fell due to a missing step on the exterior stairwell, causing her to fall hard on the ground, where she sustained excruciating injuries to her shoulder, back, hip, elbow and knees, including but not limited to a non-misplaced insufficiency fracture through the lower sacrum, tendinopathy and partial thickness tearing at the origin of the left hamstring tendons.

10. Plaintiff has been unable to hold her regular employment as an adjunct professor for the University of Alaska since September 16, 2013, and Plaintiff has, since that date, also been unable to subsistence hunt, fish and gather berries, as required for her

*Kvasnikoff v. BBNC*, Case No. 3AN-17-_____ CI
Complaint
Page 2 of 4

well-being. Indeed, Plaintiff was required to relocate to Anchorage, Alaska, for a number of months in order to obtain proper medical treatment and care, and incurred additional out-of-pocket expenses for rent, food, transportation and lost subsistence, as well as medical expenses.

## FIRST CAUSE OF ACTION—PREMISES LIABILITY

11. Plaintiff hereby incorporates and re-alleges paragraphs 1-10 above.

12. BBNA, as the occupier of the Old Head Start Building, owed a duty to all foreseeable plaintiffs, to use reasonable care to discover and remedy conditions which present an unreasonable harm under the circumstances.

13. BBNA breached its duty to discover and remedy the broken stairway, which presented an unreasonable risk of harm to visitors at the Old Head Start Building, including Plaintiff herein, given that the likelihood of injury to visitors was foreseeable, and the burden on BBNA to fix the stairway and thereby reduce the risk *de minimis* in view of the foreseeability of harm that would otherwise occur.

14. As a direct and proximate cause of BBNA's breach of its duties of due care to discover and remedy the missing step, Plaintiff suffered injuries when she slipped and fell off the stairway, suffering excruciating injuries to her shoulders, back, hip, elbows and knees.

15. As a direct and proximate cause of BBNA's breach of its duties of care, Plaintiff suffered and continues to suffer, and will in the future suffer physical and

*Kvasnikoff v. BBNC*, Case No. 3AN-17-_____ CI
Complaint
Page 3 of 4

emotional pain and suffering, past, present and future loss of income, including but not limited to lost subsistence and the loss of her contract as an adjunct professor, as well as out-of-pocket expenses, medical expenses, past, present and future, living expenses, past, present and future, and rehabilitation expenses, past, present and future.

16. BBNA is liable to Plaintiff for all foreseeable harm, including both compensatory and special damages, as a provable at a trial herein, in an amount in excess of $100,000.

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment in her favor and against BBNC in an amount in excess of $100,000, to be established upon the evidence at trial herein.

2. For costs, interest, and attorney's fees.

3. For any and all other such relief that this court deems just and equitable in the premises.

DATED in Anchorage, Alaska this 9th day of January, 2017.

FORTIER & MIKKO, P.C.
Attorneys for Plaintiff

By: _____
Samuel J. Fortier
ABA No. 8211115

*Kvasnikoff v. BBNC,* Case No. 3AN-17-_____ CI
Complaint
Page 4 of 4

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 1600 A Street, Suite 101
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221